**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CARA MCHUGH, )
)
Plaintiff, )
)
v. ) No. 4:14-CV-858 JAR
)
VALARITY, LLC, )
)
Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on cross motions for summary judgment on the issue of liability. The motions are fully briefed and ready for disposition. A hearing on the motions was held on November 14, 2014.

**Background**

Plaintiff Cara McHugh ("McHugh") brings this action against Valarity, LLC ("Valarity") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). McHugh received two letters from Valarity dated February 24, 2014 and March 11, 2014 regarding two separate debts. Each letter disclosed to McHugh, pursuant to § 1692g, that she had thirty (30) days from the letter's date to dispute the amount or validity of the debts. (Doc. Nos. 17-2, 17-3) ("Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."). On March 21, 2014, within the validation period for each debt, McHugh called Valarity from her attorney's office to discuss the letters. She alleges that during that call, Valarity made

demands for immediate payment, thereby "overshadowing" her dispute and verification rights in violation of 1692g(b).[1]

**Legal standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). There is no genuine issue as to any material fact if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case...." Celotex, 477 U.S. at 322. Where parties file cross-motions for summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law. Husinga v. Federal-Mogul Ignition Co., 519 F.Supp.2d 929, 942 (S.D. Iowa 2007).

**Discussion**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" and "promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The actions of a debt collector are evaluated under the "unsophisticated consumer" standard, an objective test designed to protect consumers of "below

[1] Section 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

average sophistication or intelligence." See Strand v. Diversified Collection Service, Inc., 380 F.3d 316, 317-18 (8th Cir. 2004). Under the "unsophisticated consumer" standard, a court may grant summary judgment when collection activity "on its face violates the [FDCPA]… even in the absence of extrinsic evidence." Bode v. Encore Receivables Mgmt., Inc., 2007 WL 2493898, at *4 (E.D. Wis. Aug. 30, 2007).

To prevail on her claims for violation of the FDCPA, McHugh must prove that she is a consumer and Valarity is a debt collector within the meaning of the Act; that there was an attempt to collect a debt; and that Valarity violated, by act or omission, a provision of the FDCPA. Mayhall v. Berman & Rabin, P.A., 2014 WL 340215, at *4 (E.D.Mo. Jan. 30, 2014) (citing Pace v. Portfolio Recovery Assocs., LLC, 872 F.Supp.2d 861, 864 (W.D.Mo.2012)). The FDCPA is a strict liability statute, and a consumer need not show intentional conduct by the debt collector to establish a violation. Id. The parties agree that McHugh is a consumer and Valarity is a debt collector attempting to collect a debt during the telephone call. The only dispute is whether Valarity's attempt to collect overshadowed McHugh's right to dispute the debt and seek verification in violation of § 1692g(b).

There is no dispute as to what was said during the March 21, 2014 phone call. Accordingly, the parties agree that whether there was overshadowing is a question of law for the Court. Lansing v. Wilford, Geske & Cook, P.A., 2013 WL 5587956, at *3 (D.Minn. Oct. 10, 2013) (citing Owens v. Hellmuth & Johnson, PLLC, 550 F.Supp.2d 1060, 1065 (D.Minn. 2008) (collecting cases)). Specifically, Valarity stated that:

> Well, once it gets in collections, the balance is really due that day. So as soon as you can pay [$] 303 would be the best.
>
> The best thing for you to do is [pay] the full amount. If you are able to break it down into two payments or so … we can give you that option.

> Well, if I were you…I think these we have here have been here quite a bit of time. Some of these have been here long enough. So I would try paying it off today. If you're able to, that's would I would do so it won't go to [inaudible] continued action.

(Audio recording of March 21, 2014 phone call, Doc. No. 17-4; PSOF at ¶¶ 9-12 and Deft.'s response). There is also no dispute that Valarity did not tell McHugh she retained her dispute and verification rights. (PSOF at ¶ 13 and Deft.'s response)

"Whether collection activities or communications within the 30-day validation period overshadow or are inconsistent with a validation notice is determined under the 'unsophisticated consumer' standard." Glackin v. LTD Financial Services, L.P., 2013 WL 3984520, at *3 (E.D.Mo. Aug. 1, 2013). This standard is meant to protect a hypothetical consumer who is "uninformed, naive, and trusting." Id. "The unsophisticated consumer is an individual with below average intelligence but not 'tied to the very last rung on the sophistication ladder.' " Id. (quoting Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000)). The standard also has an "objective element of reasonableness," to "protect debt collectors from liability for peculiar interpretations of collections letters." Strand, 122 F.3d at 483-84.

Valarity maintains it did not expressly demand payment from McHugh; rather, it told her she had outstanding medical bills and offered to establish a payment plan. Valarity argues that even if a demand was made, it did not give rise to an FDCPA violation because McHugh was not an unsophisticated consumer. She placed the call to Valarity from her attorney's office with her attorney present. The call was made on her phone with the speakerphone function activated and recorded using a recording device given to McHugh by her attorneys. (Defendant's Additional Uncontroverted Material Facts ("DSOF"), Doc. No. 27 at ¶¶ 14-15, 17)

The stated purpose of the FDCPA is to shield consumers against debt collection abuses, yet the particular circumstances of this case suggest to the Court that the Act is actually being

used more in the nature of a sword. Regardless, under the FDCPA, the unsophisticated consumer standard is an objective standard; McHugh's subjective knowledge of her rights or the circumstances surrounding her phone call has no bearing on any claim or defense under the Act. Because it is unlikely that a hypothetical unsophisticated consumer would understand that she could still dispute the debt once she had made payment arrangements (or even a payment), the Court finds that Valarity's statements made during the March 21, 2014 phone call and within the dispute period improperly overshadowed McHugh's dispute and verification rights in violation of § 1692g(b) of the FDCPA. See, e.g., Glackin, 2013 WL 3984520 (holding that debt collector's instruction to make a payment or arrange a payment plan within the dispute period overshadowed consumer's § 1692g rights); Crowder v. Kelly, 1999 WL 199615, at *2 (N.D.Ill. Apr. 2, 1999) (finding collection letter requiring consumer to make payment arrangements within the 30-day validation period was confusing to an unsophisticated consumer).

For these reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment [15] on the issue of liability is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment [28] is **DENIED**.

Dated this 1st day of December, 2014.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**